IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-01628-RM-KMT

PAULA MARTINEZ,

    Plaintiff,

v.

TRANSPORTATION TECHNOLOGY CENTER, INC.,

    Defendant.

___

## ORDER
___

This employment discrimination and retaliation case is before the Court on Defendant's Motion for Summary Judgment (ECF No. 31), which has been fully briefed (ECF Nos. 42, 45). The Court grants the motion for the reasons below.

### I.    LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Whether there is a genuine

dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party.  *Anderson*, 477 U.S. at 248.

## II.    BACKGROUND

The following facts are undisputed.  Plaintiff worked for Defendant as a human resources employee from 2010 until she was fired in February 2019.  She was fifty-nine at the time.  On the Friday before Plaintiff was fired, her supervisor discovered that Plaintiff had sent four documents from her work email account to her personal email account, some of which contained confidential information about Defendant's employees.  Plaintiff did not have a legitimate business purpose for sending herself the documents; rather, she admits that she sent them "solely to support a possible discrimination claim."  (ECF No. 42 at 6.)  The following Monday, Plaintiff's supervisor met with Plaintiff and asked why she had sent the documents to her personal email account.  Plaintiff declined to provide any explanation, and she was then fired.  The termination letter, which was prepared before the meeting, states that removing the files to a personal account constitutes a direct violation of Defendant's Code of Conduct and Business Ethics Policy and that Plaintiff's "actions show complete disregard for the confidentiality that is expected and required of [Defendant] employees, and especially Human Resources professionals."  (ECF No. 47 at 2.)

Plaintiff asserts that the true reason for her termination is age discrimination combined with Family Medical Leave Act ("FMLA") retaliation. In support of her Age Discrimination in Employment Act ("ADEA") claim, Plaintiff contends that months before she was fired, Defendant effectively cut her job in half by hiring a second human resources manager. Plaintiff further contends that the person hired for the new position was thirty-six and did not meet Defendant's minimum requirements with respect to years of management experience, that Defendants did not consider four applicants for the position who had the requisite experience but were over the age of forty, and that her supervisor "was picking the youngest applicant on purpose." (ECF No. 29-1 at 7.) In support of her FMLA retaliation claim, Plaintiff contends that she was denied permission to work from home while on FMLA leave and that "for 9 years under [her] management anyone with the appropriate medical documentation was allowed to work from home while on FMLA." (*Id.*)

### III. DISCUSSION

The ADEA prohibits an employer from firing someone because of her age. *See Simmons v. Sykes Enters., Inc.*, 647 F.3d 943, 947 (10th Cir. 2011). Where, as here, there is no direct evidence of discrimination, ADEA claims are evaluated using the three-step framework outlined in *McConnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). First, the plaintiff must establish a prima face case of discrimination. *Simmons*, 647 F.3d at 947. Second, the burden shifts to the employer to articulate legitimate, nondiscriminatory reasons for its action. *Id.* Third, if the defendant proffers such reasons, the burden shifts back to the plaintiff to show they are pretextual. *Id.*

Although the elements needed to establish a prima facie FMLA retaliation claim differ from those needed for an ADEA claim, the same three-step framework is used to evaluate both

types of claims. *See Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006). Assuming for present purposes that Plaintiff can establish a prima facie case for each of her claims, this case can be resolved at the third step because she has not adduced any evidence that Defendant's stated reasons for firing her are a pretext for discrimination or retaliation.

Generally, a plaintiff shows pretext by pointing to evidence that the defendant's stated reason for firing her was false, that the defendant acted contrary to an applicable policy, or that the plaintiff was treated differently from other employees who were similarly situated and engaged in conduct of comparable seriousness. The circumstantial evidence Plaintiff points to in order to establish pretext is insufficient to allow a reasonable jury to decide in her favor.

First, Plaintiff cites alleged comments by her supervisor made in connection with the hiring of the new human resources manager. In response to Plaintiff's statement that age bias appeared to have been a factor in the hiring process, Plaintiff's supervisor allegedly replied that the bias would come to light only if Plaintiff said something, a statement that Plaintiff perceived as a threat. Plaintiff also alleges that her supervisor expressed her intent to "modernize" the department. These alleged statements may be characterized as "stray remarks" that do not provide a basis for finding that Plaintiff's firing, which happened more than six months later, was based on Plaintiff's age. *See Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994) ("Isolated comments, unrelated to the challenged action, are insufficient to show discriminatory animus in termination decisions."). Plaintiff has not shown any nexus between these statements and the decision to fire her. *See id.*

Second, six months after the new manager was hired, Plaintiff's supervisor "demoted [Plaintiff] without explanation" and began requiring her to report to the newly hired manager. (ECF No. 42 at 2.) Plaintiff also asserts that the new manager was paid almost as much as

4

Plaintiff, even though the new manager had less experience. But these office dynamics, though not to Plaintiff's liking, do nothing to support Plaintiff's claims that Defendant discriminated or retaliated against her. Employees often disagree with their employer's decisions. The Court's role is to prevent intentional discriminatory practices, not to act as super personnel department, second guessing employers' honestly held business judgments. *Young v. Dillon Cos., Inc.*, 468 F.3d 1243, 1250 (10th Cir. 2006). Plaintiff's contention that she believed she was being forced out is also unavailing. In making the determination as to pretext, the Court "look[s] at the facts as they appear to the person making the decision to terminate," *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1231 (10th Cir. 2000), not the employee's subjective beliefs.

Third, Plaintiff points to the privilege log for this case, which indicates that her supervisor had a number of communications with legal counsel around the time of her FMLA requests in January and February 2019. Plaintiff contends that "this was not the norm" (ECF No. 42 at 3) and that Defendant had only sought legal advice on a FMLA matter once before. Plaintiff's speculation that these communications had something to do with her eventual firing is not enough to raise a genuine issue as to pretext.

Fourth, the fact that Plaintiff filed a discrimination complaint with the Office of Federal Contract Compliance Program in February 2019 is not helpful to her claims. It is undisputed that Defendant did not know about the complaint until after this lawsuit was filed. Defendant could not have intended to retaliate against Plaintiff for conduct it did not know about, so the filing of this claim does not support Plaintiff's contention of pretext.

Fifth, Plaintiff's contention that no other employees were ever disciplined for sending to their personal email accounts is also unavailing. "Individuals are considered 'similarly-situated' when they deal with the same supervisor, are subjected to the same standards governing

5

performance evaluation and discipline, and have engaged in conduct of 'comparable seriousness.'" *EEOC v. PVNF, LLC*, 487 F.3d 790, 801 (10th Cir. 2007).  Plaintiff concedes that she is not aware of any other employee of Defendant who has taken confidential information for a non-business purpose.  (ECF No. 46 at ¶ 53.)  The absence of any showing that a similarly situated employee engaged in comparable conduct renders this contention is irrelevant.

In short, Plaintiff has failed to adduce any evidence that Defendant's explanation for firing her is false or that her firing violated any of Defendant's policies.  Nor has she shown that she was treated differently from similarly situated employees.  Defendant's explanation for firing her is not "so weak, implausible, inconsistent or incoherent that a reasonable fact finder could conclude that it was not an honestly held belief but rather was subterfuge for discrimination." *Young*, 468 F.3d at 1250.  Because there is no genuine issue as to whether Defendant's explanation for firing her is pretextual, Defendant is entitled to summary judgment on each of Plaintiff's claims.

**IV.   CONCLUSION**

Therefore, the Court GRANTS Defendant's motion for summary judgment (ECF No. 31) and directs the Clerk to ENTER JUDGMENT in Defendant's favor and CLOSE this case.

DATED this 14th day of September, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge